IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Cale Marcus Strickland, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Nexstart Media Group, Perry A Sook, )<br>)<br>Defendants. )<br>) | Civil Action No. 8:19-cv-00510-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil defamation action (doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff filed this case against the defendants on February 21, 2019 (doc. 1). Having reviewed the plaintiff's complaint, the undersigned recommends it be dismissed.

**BACKGROUND**

The complaint concerns an alleged defamatory article published about the plaintiff following his arrest on December 3, 2015 (doc. 1). As an initial matter, the undersigned takes judicial notice of the plaintiff's prior defamation actions against news stations owned by the defendants.[1] *See Strickland v. WJTV Mississippi's First News Station, et al.*, C/A No. 8:19-cv-00322-MGL (D.S.C.) (report and recommendation recommending summary dismissal pending); *Strickland v. WCMH NBC 4i News Station, et al.*, C/A No. 8:19-cv-00323-MGL (D.S.C.) (report and recommendation recommending summary dismissal pending); *Strickland v. WJTV Mississippi's First, et al.*, C/A No. 7:18-cv-

---

[1]*Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

02436-MGL, docs. 15; 18 (D.S.C. 2018) (dismissing the plaintiff's claims with prejudice); *Strickland v. WCMH NBC 4i, et al.*, C/A No. 7:18-cv-02435-MGL, docs. 14; 17 (D.S.C. 2018) (dismissing the plaintiff's claims with prejudice); *Strickland v WSPA TV News 7, et al.,* C/A No. 7:17-cv-03256-MGL, 2018 WL 1431366 (D.S.C. Mar. 22, 2018)*; Strickland v. WJTV Mississippi's First, et al.*, C/A No. 7:17-cv-03258-AMQ, 2018 WL 1994234 (D.S.C. Apr. 27, 2018); *Strickland v. WCMH NBC 4i, et al.*, C/A No. 7:17-cv-03257-AMQ, 2018 WL 1994172 (D.S.C. Apr. 27, 2018).  As in the prior cases, here the plaintiff alleges that a defamatory report was published about him and his arrest on December 3, 2015 (doc. 1 at 6–7). Although unclear how it relates to the defendants, the plaintiff alleges that there was material on Facebook, Twitter, and Empty Net Sports about him (*id*. at 6).  He contends that the material published about his arrest on December 3, 2015, was wrong—as well as completely made up (*id.* at 6–7).  The plaintiff also alleges that the facts reported in the story were identical to the arrest report that the plaintiff contends was also untruthful (*id.* at 6).  The plaintiff contends that the report was still searchable on the computer as of August 18, 2018 (*id.* at 7).

The plaintiff alleges that the defendants are responsible for the actions of the news stations they own, namely WJTV, WCMH, and WSPA (*id*. at 7).  The plaintiff also contends that he is unable to eat and that the publication of the story affects his ability to work because his prior arrest keeps coming up (*id*. at 7–8).  For his relief the plaintiff requests monetary damages in the amount of $4.95 million dollars because of the defamation caused by the articles published by news stations owned by the defendants (*id.* at 9).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or

malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

As noted above, the plaintiff filed the instant civil action seeking damages from the defendants for publishing an alleged defamatory story about the plaintiff. For the reasons that follow, the instant matter is subject to summary dismissal.

**The plaintiff's complaint is barred by claim preclusion**

In the instant matter, the plaintiff seeks to re-litigate a defamation claim that has already been adjudicated and decided adversely to him by the court. Under the doctrine of claim preclusion—or *res judicata*—a final judgment on the merits of an action bars the parties from re-litigating the issues that were or could have been raised in the prior action. *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). In order for *res judicata* to apply, there must have been (1) a final judgment on the merits in a prior suit; (2) the identity of the cause of action in both suits; and (3) the same parties or their privies in

the two suits. *Id*. at 354–55 (citing *Nash Cty Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)); *see Orca Yachts L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (noting that claim preclusion applies when there has been a valid and final judgment—even if the matter was not actually litigated (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). In evaluating whether the same cause of action is brought in both suits, the court ascertains whether the claim in the new litigation "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (internal quotation marks omitted) (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). Here, the plaintiff sues the defendants[2] regarding a story published about the plaintiff's December 3, 2015, arrest (doc. 1). The plaintiff has already litigated this claim, and it was dismissed (twice with prejudice). *See Strickland v. WJTV Mississippi's First, et al*., C/A No. 7:18-cv-02436-MGL, docs. 15; 18 (dismissed with prejudice); *Strickland v. WCMH NBC 4i, et al.*, C/A No. 7:18-cv-02435-MGL, docs. 14; 17 (dismissing the plaintiff's claims with prejudice); *Strickland v WSPA TV News 7, et al.,* 2018 WL 1431366; *Strickland v. WJTV Mississippi's First, et al.*, 2018 WL 1994234; *Strickland v. WCMH NBC 4i, et al.*, 2018 WL 1994172; *see also Strickland v. WJTV Mississippi's First News Station, et al.*, C/A No. 8:19-cv-00322-MGL, doc. 8 (D.S.C. Feb. 13, 2019) (report and recommendation recognizing that the plaintiff's claims are barred by claim preclusion); *Strickland v. WCMH NBC 4i News Station, et al.*, C/A No. 8:19-cv-00323-MGL, doc. 8 (D.S.C. Feb. 13, 2019) (report and recommendation recognizing that the plaintiff's claims are barred by claim preclusion). Accordingly, the plaintiff's claims against the defendants are barred in the present matter.

---

[2]The court notes that although the named parties are different in the present action, claim preclusion still applies because the defendants are parties-in-interest to the prior news stations, as the plaintiff sues the defendants in this matter based upon their alleged ownership of the news stations the plaintiff sued in prior actions. *See Doe v. S.C. Bd. of Educ.*, C/A No. 8:14-cv-02061-BHH, 2016 WL 1274041, at *4 (D.S.C. Mar. 31, 2016).

**The plaintiff's complaint fails to state a claim for relief**

As noted above, the plaintiff's claims for relief are barred by claim preclusion. Nevertheless, even on the merits, the plaintiff's complaint is subject to summary dismissal.

The plaintiff alleges that the defendants are responsible for a story published about him by news stations they own (doc. 1 at 6–7). "[T]he tort of defamation allows a plaintiff to recover for injury to [his] reputation as the result of the defendant's communication to others of a false message about the plaintiff." *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 501 (S.C. 1998). Defamatory communications take two forms: libel and slander. *Id*. "Slander is a spoken defamation while libel is a written defamation or one accomplished by actions or conduct." *Id*. To state a claim for defamation, a plaintiff must show that "(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Erickson v. Jones St. Publishers, LLC*, 629 S.E.2d 653, 664 (S.C. 2006).

Here, the plaintiff has failed to state a claim for defamation against the defendants. As an initial matter, while the defendants allegedly own the companies who produced the report, the plaintiff has not alleged facts subjecting the defendants to liability for the actions by companies they own. Further, even assuming the defendants could be held responsible for the articles, the plaintiff has failed to identify the details of the article that were incorrect, why the details were incorrect, or why the defendants are at fault for the article's publication. Thus, the plaintiff's defamation claim is subject to summary dismissal for failure to state a claim upon which relief can be granted. As such, the undersigned recommends that the instant action be summarily dismissed.

**RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint. *See Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir. 2015). As noted in more detail above, the present action by the plaintiff is repetitive of earlier actions (two of which were dismissed with prejudice) and is subject to dismissal for multiple grounds as to each of the defendants. Thus, the undersigned recommends that the court decline to automatically give the plaintiff leave to amend his complaint. Accordingly, based upon the foregoing, the Court recommends that the District Court dismiss this action *with* prejudice and without issuance and service of process. **The plaintiff's attention is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

March 4, 2019
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).